```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

| | | |
|---|---|---|
| **DONNA J. GRADY,** | : | |
| Plaintiff, | : | |
| | | Case No. 2:11-cv-0763 |
| v. | : | |
| **MICHAEL J. ASTRUE,** | : | JUDGE GREGORY L. FROST |
| **Commissioner of Social** | | Magistrate Judge Kemp |
| **Security,** | : | |
| Defendant. | : | |

## OPINION AND ORDER

On January 3, 2012, the Court remanded this social security case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four, based on the parties' joint motion. On January 10, 2012, plaintiff moved for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. An amended motion was filed on January 17, 2012. The Commissioner has filed a memorandum in opposition to the motion. Plaintiff has not replied. For the following reasons, plaintiff's motion will be granted, although the Court will reduce the requested fee by $175.00.

### I. The Equal Access to Justice Act

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States reasonable attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing

party and is eligible to receive a fee award.  It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.  Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification.  See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984).  The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person."  Pierce, supra, at 565.  As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue."  Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th

2

Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

II. The Parties' Positions.

Counsel has applied for an award of $2,362.50, representing 13.50 hours of work billed at the rate of $175.00 per hour. Plaintiff argued that the issues which led the Commissioner to agree to a joint motion for remand show that the Commissioner's position was not substantially justified.

In response, the Commissioner does not take issue with the concept of a fee award. However, the Commissioner argues that the amount requested is excessive. That argument is based on two different concerns: that the hours spent by counsel include ministerial tasks for which counsel should not be compensated, and that the hourly rate should not exceed $125.00.

III. Analysis

As the Commissioner points out, counsel spent a total of 1.25 hours forwarding a copy of the complaint to the plaintiff, receiving and reviewing an affidavit signed by the plaintiff assigning to counsel any fees awarded under the EAJA, downloading the answer and transcript, and electronically filing the statement of errors. The Court agrees that tasks such as mailing documents to the client and either uploading or downloading electronically filed documents can be performed by clerical personnel, although an attorney should ordinarily supervise in some fashion the filing of documents. The EAJA, §2412(b), allows the Court to award "reasonable fees and expenses of attorneys," and "[t]ime spent on secretarial or clerical tasks is not 'reasonable' if such tasks are performed by an attorney." Vesely

3

v. Commissioner of Social Sec., 2010 WL 439096, *3 (S.D. Ohio Feb. 2, 2010).  The Court has disallowed fees for clerical tasks such as receiving documents.  See, e.g., Stanley v. Astrue, 2011 WL 1691836 (S.D. Ohio May 4, 2011).

 Here, apart from review of the assignment signed by the plaintiff, the tasks highlighted by the Commissioner appear to be clerical in nature.  However, it is reasonable for an attorney to review a legal document which the client has signed in order to make sure it is in proper form.  Therefore, the Court will disallow one hour of the time for which fees are requested, rather than the full 1.25 hours with which the Commissioner took issue.

 As to the requested hourly rate, the Commissioner does not disagree that the EAJA permits the Court to award a rate in excess of $125.00 based upon increases in the Consumer Price Index, but argues that the rate produced by taking the CPI into account serves merely as a ceiling to cap fee awards, and that the Court should scrutinize closely any request for an hourly rate exceeding $125.00.  Here, the Commissioner contends that counsel has not submitted enough documentation, particularly about the requested fee of $175.00 as being in line with customary charges for like legal services in this community, to allow the Court to grant an increase in the rate.

 As the Commissioner points out, in Bryant v. Commissioner of Social Sec., 578 F.3d 443 (6th Cir. 2009), the Court of Appeals held that simply providing evidence of the amount by which the CPI has increased is not enough to justify an increase in the allowable hourly rate.  That decision also quoted language from Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984) (which was not an EAJA case) that something more than the attorney's own affidavit should be provided to the Court in order prove that the rate requested is in line with what is customarily charged in the

4

community. The Commissioner argues that because the only evidence on that issue is counsel's affidavit, that is not enough to satisfy Bryant.

The language quoted from Blum is *dictum*, however, because that decision did not turn on the level of support adduced by counsel for the hourly rates they requested, nor did the Supreme Court appear to be fashioning an evidentiary rule to be applied in a wooden fashion in all cases where attorneys' fees are requested. Rather, it simply observed in the quoted footnote that "[t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, supra. Bryant did hold that it is counsel's burden to submit "appropriate evidence to support the requested increase," but that case, too, did not turn on the adequacy of any affidavit about customary fees, but rather on the counsel's failure to submit any evidence at all apart from the Department of Labor's CPI reports. Id. at 450. This Court is reluctant to impose an absolute requirement in these cases that unless someone other than plaintiff's counsel submits an affidavit about prevailing rates in the community, the Court must categorically deny any increase in the EAJA hourly rate.

The cases cited by the Commissioner where courts in this district have refused to award a rate increase are not to the contrary. Each of them dealt with an attorney's failure to submit *any* evidence - even the attorney's own affidavit - which addressed prevailing rates charged in the community for similar work performed by attorneys with similar experience and expertise. For example, in Wise v. Astrue, 2010 WL 5071040 (S.D.

5

Ohio December 7, 2010), a decision issued by Judge Marbley, a rate increase was denied because counsel's affidavit stated that his customary hourly rate was $125.00 - the same as the base rate under the EAJA - and he did not submit any evidence about customary rates in the community. In the other decisions cited at page three of the Commissioner's memorandum, counsel either failed to submit any affidavit at all (even one swearing to the time entries), see Delver v. Astrue, 2011 WL 4914963 (S.D. Ohio Sept. 9, 2011), adopted and affirmed 2011 WL 4914875 (S.D. Ohio Oct. 17, 2011), or counsel's affidavit did not address the issue of customary or prevailing rates in the legal community. See, e.g., Brown v. Commissioner of Social Sec., 2011 WL 5595931, *5 (S.D. Ohio October 7, 2011)("Counsel has not submitted any evidence of her own customary hourly rate or the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation"), adopted and affirmed 2011 WL 5596918 (S.D. Ohio Nov. 17, 2011).

    Here, by contrast, counsel has submitted his own affidavit which indicates that he has 28 years of experience in social security disability litigation, that his normal hourly rate in non-contingent fee matters is at least $300.00 per hour, and that the rate of $175.00 per hour is "consistent with fees customarily charged in this locality for similar legal services in Social Security cases." Affidavit of Clifford M. Farrell, Exhibit B to Plaintiff's motion for fees, ¶6. There is nothing to suggest that Mr. Farrell is not a competent witness on this issue, and the federal government long ago (apparently as early as 1864, see Rice v. Martin, 8 F. 476 (C.C. Nev. 1881)), abandoned the notion of disqualifying witnesses on grounds that they have a financial interest in the outcome of judicial proceedings. Mr. Farrell's affidavit is sufficient to "inform and assist the court in the exercise of its discretion" concerning increasing the hourly

6

rate. Decisions from other judges of this Court have approved a rate increase based on counsel's own affidavit as long as it adequately addresses the issue of prevailing or customary rates in the community for someone with similar experience and expertise. See, e.g., Sturgeon v. Commissioner of Social Sec., 2009 WL 5194385 (S.D. Ohio Dec. 22, 2009); see also McKenzie v. Commissioner of Social Sec., 2011 WL 2580279 (S.D. Ohio June 6, 2011), adopted and affirmed 2011 WL 2580139 (S.D. Ohio June 29, 2011). Other district courts within this circuit have either done likewise or have used their own prior knowledge of prevailing and customary rates to support an increase in the EAJA rate. See, e.g., Karadsheh v. Commissioner of Social Security, 2010 WL 4259644 (W.D. Mich. Sept. 17, 2010), adopted and affirmed 2010 WL 4259616 (W.D. Mich. Oct. 20, 2010).

Here, Mr. Farrell's affidavit speaks to all of the relevant factors, and the Court accepts it as persuasive, especially in view of the Commissioner's failure to submit any countervailing evidence. Thus, although the Court will reduce the claimed number of hours of service from 13.50 to 12.50, it will compensate counsel at the requested rate of $175.00 per hour. That calculation produces an award of $2,187.50.

## IV. Disposition and Order

For the foregoing reasons, plaintiff's motion for an award of attorneys' fees and costs under the Equal Access to Justice Act (Doc. 13, as amended by Doc. 14) is GRANTED. Plaintiff is awarded the total sum of $2,187.50. The award shall be payable to the plaintiff unless the Social Security Administration can verify that plaintiff owes no pre-existing debt subject to offset and agrees to make payment directly to plaintiff's attorney.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE